UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X

TRUSTEES OF THE NORTHEAST CARPENTERS
HEALTH, PENSION, ANNUITY,
APPRENTICESHIP, and LABOR MANAGEMENT
COOPERATION FUNDS f/k/a EMPIRE STATE
CARPENTERS PENSION, WELFARE, ANNUITY
and APPRENTICE TRAINING FUNDS, by
Patrick Morin and Joseph Olivieri, as
Trustees, and the NORTH ATLANTIC
STATES REGIONAL COUNCIL OF CARPENTERS
f/k/a the EMPIRE STATE REGIONAL
COUNCIL OF CARPENTERS, by Patrick
Morin, Executive Secretary/Treasurer,

                    *Plaintiffs*,      **Memorandum and Order**

      v.                 20-CV-00070 (KAM)(RLM)

KANE PAINT & PLASTER, INC., MICHAEL
D. KANE, and CHARLES KANE,

                    *Defendants*.
-------------------------------------X

**KIYO A. MATSUMOTO, United States District Judge:**

        Plaintiffs, Trustees of the Northeast Carpenters,

Health, Pension, Annuity, Apprenticeship, and Labor Managements

Corporation Funds and the North Atlantic States Regional Council

of Carpenters ("Plaintiffs") initiated this action on January 6,

2020 against three defendants: Charles Kane, Michael Kane, and

Kane Paint & Plaster, Inc. ("Kane Paint")(collectively,

"Defendants").  Plaintiffs previously obtained a judgment

("Judgment") in this court against Defendants on May 19, 2010,

in the amount of $58,359.61.  *See Morin, et al. v. Kane Paint & Plaster, Inc., et al.*, No. 09-cv-01619 (JFB) (E.D.N.Y. May 19, 2010.) (hereafter, "*Morin*").  Pursuant to Section 5014 of the New York Civil Practice Law and Rules ("N.Y. C.P.L.R."), Plaintiffs' action timely seeks to renew the Judgment against Defendants in the original amount of $58,359.61, plus 9% yearly interest from May 19, 2010.

Apart from a motion to appoint counsel by Charles Kane (ECF No. 8, Mot. to Appoint Counsel), Defendants have failed to otherwise appear, and the Clerk of Court entered Defendants' defaults on January 13, 2021.  (ECF Nos. 23-25, Clerk's Entry of Default.)  Plaintiffs now move for a default judgment against all Defendants.  (ECF No. 28, Mem. Supp. of Mot. for Default J.) For the reasons set forth below, Plaintiffs' motion for renewal of the original Judgment and motion for default judgment is GRANTED.[1]

## BACKGROUND

### I.   The Parties' Collective Bargaining Agreement

The undisputed allegations of the Complaint are as follows.  Plaintiffs are Trustees of Funds (the "Funds") and the North Atlantic States Regional Council of Carpenters (the

---

[1] As discussed further *infra*, though Plaintiffs' motion for default judgment is granted, the court will not award the requested 9% yearly interest.

"Union"). (ECF No. 1, Complaint ("Compl.").) The Funds are labor-management trust funds operated in accordance with the Employee Retirement Income Security Act ("ERISA") and Section 302(c) of the Labor Management Relations Act ("LMRA"). (Compl. ¶ 4); 29 U.S.C. §186(c). The Union is a labor organization within the meaning of section 3(4) of ERISA, 29 U.S.C. §1002(4). (Compl. ¶ 5.)

Defendant Kane Paint was bound by a Collective Bargaining Agreement ("CBA") with the Union, which required Kane Paint to remit benefit contributions to the Funds. [2] (Compl. ¶ 9.) Plaintiffs filed a lawsuit to recover the unpaid benefits and related amounts, and subsequently obtained the Judgment against Defendants. (*Id.* ¶¶ 10, 11; *see* Exhibit A.) Plaintiffs allege that they have initiated the present action because no portion of the Judgment has been paid to date. (Compl. ¶ 12.)

## II.  Plaintiffs' Service on Defendants

On January 7, 2020, the Clerk of the Court issued summons to all Defendants. (ECF No. 3, Summons Issued as to All Defendants ("Summons").) Both Kane Paint's principal place of

---

[2] The following are taken from the original complaint, (ECF No. 1) as filed in *Morin*, No. 09-cv-01619: at the time of the original complaint, Michael Kane was identified as the "president, manager, sole proprietor and/or a controlling shareholder and/or officer of the company," and Charles Kane was identified as the "vice president, manager, sole proprietor and/or a controlling shareholder and/or officer of the company." (ECF No. 1, ¶¶ 8,9.) Defendants Kane Paint, Michael Kane, and Charles Kane were all therefore "employer[s]" as defined in the LMRA and within the meaning of ERISA. (*Id.* ¶ 10.)

business and Michael Kane's residence were listed on the Summons as 102 Britton Place, North Syracuse, New York, 13212. (Summons; Compl. ¶¶ 6, 7.)  Charles Kane's residence was listed as 7639 St. Charles Bay Road, Tully, New York 13159.  (Summons; Compl. ¶ 8.)

### A.   Service on Kane Paint

On January 8, 2020, copies of the Summons, Complaint, Exhibit A, and Notice of Related Case (hereafter collectively "Summons and Complaint") were served on Kane Paint at the New York State Secretary's office in Albany.  (ECF No. 6, Summons Returned Executed.)  The copies were personally delivered to an individual named Sue Zouky.  (*Id.*)

### B.   Service on Charles Kane

On January 22, 2020, copies of the Summons and Complaint were served on Charles Kane at his Tully, New York residence.  (ECF No. 7, Summons Returned Executed.)  The copies were delivered to a person of "suitable age" identified as "Claudia James niece [sic]" at Charles Kane's residence and copies were also mailed via first class mail to Charles Kane on January 23, 2020.  (*Id.*)  In its February 21, 2020, Order, the Court denied Charles Kane's motion to appoint counsel, and granted Charles Kane's request for an extension of time to respond to the Summons and Complaint and ordered him to respond by March 22, 2020.  (Docket Order, Feb. 21, 2020.)  Plaintiffs

served copies of the February 21, 2020, Order on all Defendants via first class mail, this time mailing the copies for Kane Paint and Michael Kane to 409 Maple Street in Syracuse, New York, instead of the previously used 102 Britton Place address. (ECF No. 9, Aff. of Service.)

C. **Service on Michael Kane**

On April 2, 2020, Plaintiffs filed a motion requesting a sixty-day extension of time to serve copies of the Summons, Complaint, Exhibit A, and Notice of Related Case on Michael Kane, and filed accompanying affidavits of due diligence in support of this request. (ECF No. 10, Pl. First Motion for Extension of Time.) Plaintiffs stated in their first request for an extension that they attempted to serve Defendant Michael Kane at three different addresses, and after these attempts, Plaintiffs had submitted a request for change of address or boxholder information to the United States Postal Service ("USPS") in March 2020 to identify potential addresses associated with Michael Kane. (*Id*.) Plaintiffs further stated in their request that they were seeking an extension in order to allow time to receive a response from the USPS, and to attempt service at any addresses identified by the USPS. (*Id*.)

On May 29, 2020, Plaintiffs filed a second request for an extension of time to serve Michael Kane with the Summons and Complaint and to serve Michael Kane by alternative means. (ECF

No. 11, Pl. Second Mot. for Extension of Time.)  Plaintiffs
requested the second extension part due to anticipated service
delays because of the COVID-19 pandemic, and noted their
"diligent efforts to effectuate service on [d]efendant Michael
Kane" including sending "a copy of the Summons and
Complaint...out for personal service upon [d]efendant Michael
Kane at four separate addresses." (*Id.*)  In support of their
request, Plaintiffs filed three accompanying affidavits of due
diligence signed by process servers reflecting attempts to serve
Michael Kane at three different locations on different days.
(ECF Nos. 11-1—3, Pl. Second Mot. for Extension of Time, Exs. A-
C.)  Magistrate Judge Roanne L. Mann granted Plaintiffs' second
request for an extension, and denied the request for service by
alternative means pending the filing a fourth affidavit of due
diligence related to the most recent attempted service of
process upon Michael Kane.  (ECF No. 12, June 3, 2020, Order
("June 3 Order").)  The Court granted Plaintiffs a sixty-day
extension to effect service of process on Michael Kane from the
date of its June 3 Order.  (*Id.*)  Plaintiffs attempted to serve
Michael Kane at a fourth address in Canton, New York, and
subsequently filed a fourth affidavit of service in compliance
with the Court's June 3 Order.  (ECF No. 13, Letter in Resp. to
June 3 Order.)  Plaintiffs also served copies of the June 3
Order on Defendants Kane Paint and Charles Kane, but mailed the

6

copies for Kane Paint to Charles Kane's attention at his Tully, New York address.  (ECF No. 14, Certificate of Service.)

On July 27, 2020, Plaintiffs filed a third request for an extension of time to serve Michael Kane.  (ECF No. 15, Pl. Third Motion for Extension of Time.)  Plaintiffs stated in their third request that they requested a copy of Michael Kane's address history from the New York State Department of Motor Vehicles ("DMV") and were seeking a ninety-day extension in part to allow time for a response from the DMV.  (*Id.*)  The Court ordered Plaintiffs to file proof of service on Michael Kane by September 28, 2020.  (July 28, 2020 Electronic Order.)

On August 1, 2020, Plaintiffs served the Summons and Complaint on Michael Kane at 9160 Via Cimato Drive, Clarence Center, New York, 14032.  (ECF No. 16, Summons Returned Executed.)  The documents were delivered to Michael Kane personally.  (*Id.*)  On January 1, 2021, Magistrate Judge Mann, noted that all Defendants had been served with process as of August 1, 2020, and ordered Plaintiffs to show cause why the case should not be dismissed for lack of prosecution.  (ECF No. 17, Order to Show Cause.)  Plaintiffs responded to the Order to Show Cause on January 12, 2021; though Plaintiffs did not provide any reason for the delay, they indicated their intention to move for default judgment against all Defendant.  (ECF No. 22, Pl. Letter Resp. to Order to Show Cause.)

### III. Defendants' Failure to Appear

On January 6, 2021, Plaintiffs requested certificates of default for all Defendants. (ECF Nos. 18-20, Requests for Certificate of Default.)  The Clerk of Court entered Defendants' defaults on January 13, 2021. (ECF Nos. 23-25, Certificates of Default.)  To date, Defendants have not formally appeared or responded to the complaint in this action,  On January 22, 2021, Plaintiffs moved for a default judgment. (ECF No. 26, Notice of Mot. for Default J.; Mem. Supp. of Mot. for Default J.) Plaintiffs served the motion for default judgment papers on Defendants, via certified mail, to the Clarence Center address for Michael Kane and the Tully, New York address for both Kane Paint and Charles Kane.  (ECF No. 29, Certificate of Service.)

### JURISDICTION AND VENUE

This case is properly before this court.  District courts possess the inherent power to enforce their own judgments. *See Epperson v. Ent. Express, Inc.*, 242 F.3d 100, 104-05 (2d Cir. 2001) (For jurisdictional purposes, an action to collect on a judgment does not require an independent jurisdictional basis and may proceed in federal court even if the parties are not diverse.); *see also Williams v. Pfeffer*, 117 F. Supp. 2d 331, 334 (S.D.N.Y. 2000) (Describing a district court's inherent powers to enforce its own judgments as separate from ancillary jurisdiction.)  Venue is proper in the Eastern

District of New York ("EDNY"); the original Judgment was entered in the EDNY and the events giving rise to the controversy occurred in the EDNY. *See Morin,* No. 09-cv-01619.

### LEGAL STANDARDS

#### I.    Renewal of Money Judgment

Pursuant to Federal Rule of Civil Procedure 69(a)(1), a money judgment is enforced by a writ of execution, unless the court directs otherwise.  State law applies to the execution of a federal judgment and to proceedings in aid of execution of a federal judgment where, as here, no federal statute applies. *See* Fed. R. Civ. P. 69(a)(1) ("The procedure on execution—and in proceedings supplementary to and in aid of judgment of execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.").  Accordingly, Plaintiffs request to renew the Judgment must conform to the procedures of New York.  In New York state, the procedure for obtaining the renewal of a judgment, discussed *infra*, is governed by N.Y. C.P.L.R. Section 5014.  *See Edrich v. Festinger*, No. 12-cv-4069 (MKB), 2017 WL 3575238, at *7 (E.D.N.Y. Aug. 17, 2017).

#### A.    Time Requirements for Renewal of Money Judgment

Section 5014 provides, in relevant part, that an action upon a money judgment entered in New York state court can be maintained between the original parties to the judgment if

9

ten years have passed since the first docketing of the judgment.
N.Y. C.P.L.R. §5014(1).  An action may be commenced under
subdivision one of Section 5014 during the year *prior* to the
expiration of ten years since the first docketing of the
judgment, in which case the judgment shall be designated a
renewal judgment and shall be docketed accordingly by the clerk.
N.Y. C.P.L.R. §5014(emphasis added).

### B.    Interest for Renewal Judgment

Under ERISA, interest on unpaid contributions is
calculated using the rate of the relevant benefit plan, and if
the plan does not set a rate, then at a prescribed statutory
rate.  29 U.S.C. §1132(g)(2), 26 U.S.C. §6621; *see Board of
Trustees of Pointers, Cleaners & Caulkers v. Harbor Island Cont.
Co.,* No. 13-cv-6075 (MKB), 2015 WL 1245963, at *5 (E.D.N.Y.
March 16, 2015).  Title 29 U.S.C. Section 1132(g)(2) requires
that the court award the greater of (i) interest on the unpaid
contributions, or (ii) liquidated damages provided for under the
plan in an amount not in excess of 20 percent (or such higher
percentage as may be permitted under federal or state law) of
the amount determined by the court for the unpaid contributions.
29 U.S.C. §1132(g)(2).  Additionally, under New York state law,
"[e]very money judgment shall bear interest from the date of its
entry," and the "interest shall be at the rate of nine per

centum per annum, except where otherwise provided by statute."
N.Y. C.P.L.R. §§5003—5004.

## II.  Motion for Default Judgment

When moving for a default judgment, Plaintiffs must
comply with Federal Rule of Civil Procedure 55 and the Eastern
District of New York Local Rule 55.2.  The decision to grant a
default judgment is "left to the sound discretion of [the]
district court because it is in the best position to assess the
individual circumstances of a given case and to evaluate the
credibility and good faith of the parties." *Enron Oil Corp. v.
Diakuhara,* 10 F.3d 90, 95 (2d Cir. 1993).  Before entering a
default judgment, the court "must ensure that (1) jurisdictional
requirements are satisfied[,] (2) the plaintiff took all the
required procedural steps in moving for [a] default judgment,
and (3) the plaintiff's allegations, when accepted as true,
establish liability as a matter of law." *Jian Hua Li v. Chang
Lung Grp. Inc.*, No. 16-cv-6722 (PK), 2020 WL 1694356, at *4
(E.D.N.Y. Apr. 7, 2020) (internal citations omitted).

### A.  Compliance with Federal Rules

The procedure for a default judgment motion is
governed by Federal Rule of Civil Procedure 55.  *See Vt. Teddy
Bear Co. v. 1-800 Beargram Co.,* 373 F.3d 241, 246 (2d Cir.2004)
("[Rule] 55 is the basic procedure to be followed when there is
a default in the course of litigation.").  A plaintiff may

obtain a default judgment by following a two-step process.  Fed. R. Civ. P. 55; *see also New York v. Green,* 420 F.3d 99, 104 (2d Cir. 2005).  First, if the defendant "has failed to plead or otherwise defend," the Clerk of Court will enter the defendant's default.  Fed. R. Civ. P. 55(a).  Second, the plaintiff must "apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2).  "The first step, entry of default, formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of N.Y. v. Mickalis Pawn Shop LLC*, 645 F.3d 114, 128 (2d Cir. 2011).  "The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation."  *Id.*

### B. Compliance with Local Rules

In the Eastern District of New York, all papers submitted in support of a motion for default judgment "shall simultaneously be mailed to the party against whom a default judgment is sought at the last known residence of such party (if an individual) or the last known business address of such party (if a person other than an individual)."  Local Civ. R. 55(c). "Proof of such mailing shall be filed with the [c]ourt."  *Id.*

Courts have "interpret[ed] the [local] rule to require proof of mailing by affidavit because the next sentence requires a 'supplemental affidavit' to be filed for any returned

12

mailing." *J&J Sports Prods.*, 2020 WL 1034393, at *5.  The
directions to mail the motion papers and to file proof of that
mailing are mandatory requirements, as the Rules Committee
"believes that experience has shown that mailing notice of such
an application is conducive to both fairness and efficiency[.]"
Committee Note, Local Civ. R. 55.2.

### C. Damages

Although "a party's default is deemed to constitute a
concession of all well pleaded allegations of liability, it is
not considered an admission of damages." *Greyhound
Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158
(2d Cir. 1992).  The court retains discretion with respect to
deciding whether to conduct an inquest into damages. *Mickalis*,
645 F.3d at 129 ("[A] district court is empowered under Rule
55(b)(2), in the exercise of its discretion, to 'conduct
hearings or make referrals' as may be necessary, *inter alia,* to
determine the amount of damages[.]").

### III. Service

For a default judgment to issue, the summons and complaint
in an action must have been properly served on the defaulting
party. *See Advanced Cap. Com. Grp., Inc. v. Suarez*, No. 09-CV-
5558 (DRH), 2013 WL 5329254, at *2 (E.D.N.Y. Sept. 20, 2013)
("In order to obtain default judgment, a plaintiff must first
properly serve a defaulting defendant with a copy of the summons

and the complaint in accordance with Rule 4 of the Federal Rules of Civil Procedure and local rules.") (internal citations omitted).

### A.    Service on Corporations

The Federal Rules of Civil Procedure provide that a corporate defendant can be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant," or by "following state law" regarding service.  Fed. R. Civ. P. 4(e)(1), 4(h)(1).  New York state law allows for service upon a corporation by delivering the summons "to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." N.Y. C.P.L.R. § 311(a)(1).

### B.    Service on Individuals

Pursuant to Federal Rule of Civil Procedure 4(e), an individual can be served by (1) following state law for serving a summons in the state where the district court is located or where service is made; or (2)(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual

14

place of abode with someone of suitable age and discretion who
resides there; or (C) delivering a copy of each to an agent
authorized by appointment or by law to receive service of
process.

In New York, an individual can be served by delivering
the summons within the state to (1) the person to be served; or
(2) a person of suitable age and discretion at the actual place
of business, dwelling place or usual place of abode of the
person to be served and by mailing the summons to the person to
be served; or (3) the individual's agent for service; or (4)
affixing the summons to the individual's actual place of
business, dwelling place or usual place of abode and by mailing
the summons to the individual if service under (1) and (2)
cannot be made with due diligence.  N.Y. C.P.L.R. §308(1)-(4).
An individual can also be served "in such a manner as the court,
upon motion without notice, directs" if service under (1), (2),
and (4) is "impracticable."  N.Y. C.P.L.R. §308(5).

### C.   Time Limit for Service

If a defendant is not served within ninety days after
the complaint is filed, a court must dismiss an action without
prejudice against the defendant or order that service is made
within a specified time.  Fed. R. Civ. P. 4(m).  If the
plaintiff shows good cause for the failure to serve the

defendant, then the court must extend the time for service for an appropriate period. *Id*.

## DISCUSSION

Plaintiffs initiated this action to renew the Judgment[3] against Defendants plus interest at 9% annually, and moved for a default judgment after Defendants failed to appear in this action. (*See* Mem. Supp. of Mot. for Default J.)

### I.   Renewal of Money Judgment

"To obtain relief pursuant to section 5014, a plaintiff must make a 'prima facie showing of its entitlement to a renewal judgment by offering evidentiary proof that it was the original judgment creditor's assignee, and that no part of the judgment has ever been satisfied." *Edrich*, 2017 WL 3575238, at *8.  Plaintiffs have made a prima facie showing of their entitlement to a renewal judgment by submitting the evidentiary proof that they are the parties plaintiff who obtained the original Judgment and represent that the Judgment remains unpaid. (*See* ECF No. 27, Decl. in Supp. of Mot. for Default J.; *see also* ECF No. 1-1, Judgment.)

Plaintiffs' action for a renewal judgment was also timely, as it was initiated during the year prior to the ten

---

[3] The Judgment ordered Defendants to pay Plaintiffs $58,359.61, consisting of: (1) delinquent contributions in the amount of $41,092.46; (2) liquidated damages at the rate of 20% of the delinquent contributions in the amount of $8,218.50; (3) interest in the amount of $5,122.75; and (4) attorneys' fees and costs of $3,925.90.  (Compl., Ex. A., J. and Order ("Judgment").)

16

years since the first docketing of the May 19, 2010, Judgment.
*See* N.Y. C.P.L.R. §5014; *see also* Fed. R. Civ. P. 69(a)(1).
Accordingly, Plaintiffs' have satisfied the procedural
requirements for obtaining a renewal judgment of the original
Judgment in the amount of $58,359.61.  (Compl., Ex. A,
Judgment.)

## II.  Motion for Default Judgment

"A default judgment is ordinarily justified where a
defendant fails to respond to the complaint."  *Bermudez v. Reid,*
733 F.2d 18, 21 (2d Cir.1984.)  As a threshold matter,
Defendants failed to respond to the Summons and Complaint in
this case, despite having been properly served with process and
the motion for a default judgment, and afforded adequate notice
and opportunity to defend.

As discussed, *supra*, the Court finds that the
jurisdictional requirements are satisfied; the case is properly
before this Court.  Next, prior to awarding Plaintiffs' motion
for default judgment, the Court must ensure that "(2) the
plaintiff took all the required procedural steps in moving for
[a] default judgment, and (3) the plaintiff's allegations, when
accepted as true, establish liability as a matter of law."  *Jian
Hua Li*, 2020 WL 1694356, at *4.  Here, Plaintiffs' allegations
are fairly straightforward; Plaintiffs' obtained a valid
Judgment against Defendants in this judicial district, and—in

17

violation of the terms of that Judgment—no portion of that
Judgment has been paid.  (Compl. at ¶ 11, 12; ECF No. 1-1,
Judgment.)  Plaintiff's uncontested allegations, accepted as
true, establish liability as a matter of law, and entitle
Plaintiff to the renewal of the Judgment.  The Court next
considers whether the procedural requirements for a default
judgment have been satisfied.

### A.   Compliance with Federal and Local Rules

Plaintiffs properly followed the two-step process for
a motion for default judgment.  *See* Fed R. Civ. P. 55.  First,
as Defendants were properly served with process, but failed to
appear, plead or otherwise defend in this action, the Clerk of
Court entered the Defendants' default on January 13, 2020.  (*See*
ECF Nos. 23-25, Clerks Entry of Default); *see also* Fed. R. Civ.
P. 55(a).  Second, Plaintiffs filed a motion for default
judgment on January 22, 2021.  (ECF Nos. 26-28, Motion for
Default.); *see* Fed. R. Civ. P. 55(b).  In accordance with Local
Civil Rule 55.2(b), Plaintiffs also filed (i) the Clerk of
Court's certificate of default, (ii) a copy of the motion to
which no response has been made, and (iii) a proposed form of
default judgment when moving for the default judgment.  (ECF No.
27, Exhibits A-B, F-G.)  Plaintiffs also mailed the documents
filed in support of the motion for default judgment to all three
Defendants and filed proof of mailing.  Local Civ. R. 55(c);

18

(ECF No.29, Certificate of Service.)  The process followed by Plaintiffs was "conducive to both fairness and efficiency[.]" Committee Note, Local Civ. R. 55.2.

### B.   Service

Plaintiffs have taken the necessary procedural steps to provide proper notice to Defendants; all three Defendants were properly served with process and with the subsequent filings related to the Plaintiffs' actions and motion to renew a default judgment.  *See Sik Gaek, Inc. v. Yogi's II, Inc.*, 682 F. App'x 52, 54 (2d Cir. 2017) (summary order) (Before a court will grant a default judgment, "the moving party must demonstrate that entry of default is appropriate, which requires a showing that the nonappearing party was effectively served with process.").

### 1. Kane Paint & Plaster, Inc.

Plaintiffs served Kane Paint on January 8, 2020, by delivering a copy of the Summons and Complaint to Sue Zouky, an authorized person in the Corporation Division of the Department of State able to receive service on behalf of Kane Paint.  (ECF No. 27, Declaration.)  Thus, Plaintiffs properly served Kane Paint, a corporation, with process.  *See* Fed. R. Civ. P. 4(e)(1), 4(h)(1).  With regard to corporate Defendants, the New York Business Corporation Law Section 306(b)(1) allows for service of process on the Secretary of State as the agent of a

domestic corporation.  *See Villarrubia v. La Hoguera Paisa Rest. & Bakery Corp.,* No. 18-cv-4929 (AMD), 2020 WL 1678242 at *3 (E.D.N.Y. March 13, 2020) (Plaintiffs made a prima facie showing of proper service on a corporate defendant by filing a process server's Affidavit of Service through the Secretary of State.). Additionally, Plaintiffs' service on Kane Paint was timely, as Kane Paint was served within ninety days of Plaintiffs filing the complaint in this action.  (*See* Compl.); *see also* Fed. R. Civ. P. 4; N.Y. C.P.L.R. § 311.

Kane Paint was dissolved by proclamation/annulment of authority on October 27, 2010.  (ECF No. 6, Summons Returned Executed.)  Dissolved corporations can still be served, however, through the lifecycle of a case.  *See Next Millennium Realty, LLC v. Adchem Corp.,* 690 Fed. App'x. 710, 715 (2d. Cir.2017) (summary order); *see also In re Cedar Tide Corp., v. Chandler's Cove Inn, Ltd.,* 859 F.2d 1127, 1132 (2d. Cir.1988).  Pursuant to New York Consolidated Laws, Business Corporation Law ("BSC") Section 1006, a dissolved corporation "may continue to function for the purpose of winding up the affairs of the corporation in the same manner as if the dissolution had not taken place, except as otherwise provided in this chapter or by court order." BSC § 1006.  The corporation may "participate in actions and proceedings, whether judicial, administrative, arbitrative or otherwise, in its corporate name, and process may be served by

or upon it." *Id.*  Therefore, Kane Paint was still able to receive service from Plaintiffs during this action, and Plaintiffs properly served the corporate defendant.

### 2. Charles Kane

Plaintiffs served Charles Kane on January 22, 2020, by delivering a copy of the Summons and Complaint to a person of suitable age and discretion at Defendant Charles Kane's home and mailing a copy to Charles Kane at his home address.  (ECF No. 27, Declaration.)  These actions constituted proper service on an individual.  *See* Fed. R. Civ. P. 4 (e)(1); *see also* N.Y. C.P.L.R. § 308.  Additionally, Plaintiffs' service on Charles Kane was timely, as he was served within ninety days of Plaintiffs filing the complaint in this action.  (*See* Compl.); *see also* Fed. R. Civ. P. 4; N.Y. C.P.L.R. § 311.

Although it is unclear from the Affidavit of Service[4] whether the individual who received the documents at Charles Kane's house also resides there, as would be required under Rule 4(e)(2)(B), the service is still proper under Rule 4(e)(1), which permits an individual to be served following state law. Fed. R. Civ. P. 4(e).  Under New York state law C.P.L.R. Section

---

[4] Though a "process server's affidavit is *prima facie* evidence of proper service," that affidavit "'should disclose enough facts to demonstrate the validity of service.'"  *J&J Sports Prods. Inc. v. Vergara*, No. 19-cv-2382 (FB), 2020 WL 1034393, at *3 (E.D.N.Y. Feb. 6, 2020), *report and recommendation adopted*, 2020 WL 1031756 (E.D.N.Y. Mar. 3, 2020) (quoting 4B Charles Alan Wright & Arthur R. Miller, Federal Prac. & Proc. § 1130 (4th ed. 2019)).

308(2), Charles Kane can be served by delivering the Summons and Complaint to a person of suitable age and discretion at Charles Kane's dwelling, regardless of that individual's residency at this dwelling, and mailing the Summons and Complaint to Charles Kane.  N.Y. C.P.L.R. § 308(2).

### 3. Michael Kane

Plaintiffs properly served Michael Kane on August 1, 2020, by delivering a copy of the Summons and Complaint on Michael Kane personally.  (*See* ECF No. 16, Summons Returned Executed); *see also* Fed. R. Civ. P. 4 (e)(1); *see also* N.Y. C.P.L.R. § 308.

Although Plaintiffs did not serve Michael Kane within ninety days of filing the complaint, Plaintiffs were granted extensions by the Court to serve Mr. Kane because Plaintiffs demonstrated good cause for failure to timely serve him.  *See* Fed. R. Civ. P. 4(m) (If the Plaintiff shows good cause for the failure to serve the defendant, then the court must extend the time for service for an appropriate period.); (*see also* ECF No. 12, June 3 Order.)  In its June 3 Order, the Court determined Plaintiffs had shown "good cause" to justify an extension "in light of the diligence and reasonableness" of their efforts to serve Mr. Kane.  (*Id.*)

The Court granted Plaintiffs a sixty-day extension from the date of its June 3, 2020 order to serve Michael Kane.

(ECF No. 12, June 3 Order.)  Plaintiffs personally served Michael Kane with the Summons and Complaint before the court-ordered deadline, and therefore, Plaintiffs service on Michael Kane was timely.  (*See* ECF No. 12, June 3 Order; ECF No. 16, Summons Returned Executed.)

Plaintiffs' efforts to serve Michael Kane were diligent and reasonable, and included: attempting service at multiple addresses and on various days, contacting the USPS and the New York DMV in an attempt to learn of additional addresses for Mr. Kane, and searching online databases.  (ECF Nos. 10, 11, 15, Motions for Extension of Time to File.)  Plaintiffs filed three separate requests for an extension of time to serve Mr. Kane, and supported each request with affidavits of due diligence.  (*See* ECF No. 10, Exs. A-E; ECF No. 11, Exs. A-C; ECF No. 15, Exs. A-F.)  Plaintiffs attempted multiple times to serve Michael Kane within ninety days after filing the complaint, and filed their first request for an extension of time within this time period.  (ECF No. 10, Motion for Extension of Time to File.); *see also* Fed. R. Civ. P. 4(m).  Though the Court did not respond to Plaintiffs' request until its June 3 Order, which was issued after the end of the ninety-day period, the Court ultimately found good cause for Plaintiffs' failure to timely serve Michael Kane and granted the extension.  (ECF No. 12, June 3 Order.)

For the foregoing reasons, Plaintiffs' service on all Defendants was proper.  Plaintiffs served Defendants in a manner that was both compliant with the relevant procedural rules and court orders, and timely pursuant to Federal Rule of Civil Procedure 4.

### C.   Damages

A damages award in a default judgment must be ascertained "with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara,* 183 F.3d 151, 155 (2d Cir.1999). Although the court must ensure that there is a basis for the damages sought in a default judgment, the court may evaluate the fairness of the proposed damages award by relying on affidavits and documentary evidence without a hearing. *See Tamarin v. Adam Caterers, Inc.,* 13 F.3d 51, 54 (2d Cir.1993); *Action S.A. v. Marc Rich & Co., Inc.,* 951 F.2d 504, 508 (2d Cir.1991).  Federal Rule of Civil Procedure 55(b)(2) leaves the decision of whether a hearing as to damages is necessary to the discretion of the district court.  *See Fustock v. ContiCommodity Services, Inc.,* 873 F.2d 38, 40 (2d Cir.1989) ("Rule 55(b) does not require a hearing on damages in every case.").

The Court finds that Plaintiffs' renewal judgment for the original Judgment of $58,359.61 can be ascertained with reasonable certainty on the basis of the previous Judgment to be renewed, and the uncontested Judgment amount as established in

the *Morin* case record.   (*See* ECF No. 1-1, Judgment); *see also*
*King v. STL Consulting LLC,* No. 05-cv-2719 (SJ), 2006 WL
3335115, at *4 (E.D.N.Y. Oct. 3, 2006) (The court was able to
make an informed recommendation regarding plaintiffs' damages
without an evidentiary hearing because plaintiffs filed a
detailed declaration with accompanying documentary evidence
pertaining to damages.).

        Plaintiffs also seek post-judgment interest at a rate
of 9% per annum pursuant to N.Y. C.P.L.R. Sections 5003 and
5004.   (ECF No. 28, Mem. Supp. of Mot. for Default J.)
Plaintiffs, however, do not explain why this New York statutory
interest rate is the appropriate post-judgment interest rate, or
whether the parties had contracted for the 9% interest rate.
*See Harbor Island Cont. Co.,* 2015 WL 1245963, at *5 (Though
Trustee Plaintiffs sought an interest rate set by New York law,
they did not explain why the rate was appropriate under Section
1132(g)(2), and thus the court turned to the collective
bargaining agreement to ensure compliance with the mandates of
ERISA).   Here, the CBA is not part of the record, and the Court
cannot review the CBA for any terms pertaining to post-judgment
interest rate.   Further, although the original Judgment does
form part of the record, the only reference to interest in the
Judgment appears to be in the terms of the award as follows:
"interest in the amount of $5,122.75 at the Fund's prescribed

rate." (ECF No. 1-1, Judgment at p. 1.) Accordingly, given the lack of any relevant interest rate in the record, the Court will award post-judgment interest at the rate prescribed in Title 28 U.S.C. Section 1961. *See* 28 U.S.C. § 1961(a) (Interest shall be allowed on any money judgment in a civil case recovered in a district court at the prescribed statutory rate.); *see also Cappiello v. ICD Publ'n, Inc.*, 720 F.3d 109, 113 (2d Cir. 2013) (Post-judgment interest awarded in federal district court must be calculated pursuant to 28 U.S.C. § 1961.).

## CONCLUSION

Plaintiffs' motion for default judgment is GRANTED. The Court awards Plaintiffs a renewal judgment for the original Judgment in the amount of $58,359.61, and post-judgment interest as prescribed by Title 28 U.S.C. Section 1961, calculated from the date the Judgment was entered until the date the judgment is paid in full. The Clerk of Court is respectfully requested to enter judgment in accordance with this Order. Plaintiffs are directed to serve a copy of this Order and Judgment on Defendants and file proof of service.

**SO ORDERED.**

Dated:   July 23, 2021
         Brooklyn, New York

                              /s/ Kiyo A. Matsumoto
                              **Kiyo A. Matsumoto**
                              United States District Judge
                              Eastern District of New York